IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Barbara Reese, ) | CA No. 0:07-cv-1402-CMC |
| ) | |
| Plaintiff, ) | |
| ) | **OPINION and ORDER ON CROSS** |
| v. ) | **MOTIONS OR SUMMARY JUDGMENT** |
| ) | |
| Alea London Limited and Brian Biro, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This insurance declaratory judgment action is before the court on cross motions for summary judgment. For the reasons stated below, Plaintiff Barbara Reese's motion is **denied** and Defendant Alea London Limited's motion is **granted** in full.[1]

## STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). It is well established that summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987).

The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact, and the court must view the evidence before it and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The nonmoving party must then designate "specific facts showing that there

---

[1] Although Plaintiff's motion was filed belatedly, it has been accepted as timely and is considered here on the merits.

is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see also generally Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

## BACKGROUND

Through this declaratory judgment action Plaintiff Barbara Reese ("Reese") seeks to determine whether injuries she suffered while participating in a motivational seminar conducted by Defendant Brian Biro ("Biro") are potentially covered under a commercial general liability ("CGL") policy which Defendant Alea London Limited ("Alea London") issued to Biro. For purposes of this order, the court assumes that Reese will succeed in proving that Biro is liable for injuries Reese suffered when, at Biro's repeated urging (including through other program participants), Reese attempted to break a board with her hands. The court further assumes that the board-breaking attempt was part of a team-building exercise which, in turn, was an integral part of Biro's motivational program.[2]

It is undisputed that Biro was, at the time of Reese's injury, an insured under a CGL policy issued by Alea London. The policy at issue lists Biro's business as that of "Motivational Speaker." Dkt. No. 38-4 at 7. The policy includes the following two exclusions:

**EXCLUSIONS-PARTICIPANTS**

The following exclusion is added to Paragraph 2, Exclusions of Coverage (Section I – Coverages):

> This insurance does not apply to "bodily injury" or medical payments to "any person" while practicing for or participating in any circus, concert,

---

[2] These assumptions are based on allegations in a pending state court action which Reese and her husband are pursuing against Biro. *See* Dkt. No. 38-3 (*Barbara Reese and Joel Reese vs. Brian Biro d/b/a C L A S S Coaching Leadership and Synergy Services*, Case No.2007-CP-40-1965 (Richland County, South Carolina, Court of Common Pleas)).

>   demonstration, event, exhibition, race, rodeo, show, contest or any activity of an athletic or sports nature for the events shown in this Schedule.

\* \* \*

The following definition is added to DEFINITIONS. (Section V):

> "Any person" shall include but is not limited to animal handlers, announcers, attendants, clowns, contestants, entertainers, mechanics, musicians, officials, participants, singers, speakers, stage crews, stock contractors, vendors or their employees, any person employed by or doing volunteer work for you or on your behalf, or any person involved in the promotion, sponsoring or production of the event designated in the Schedule.

Dkt. No. 38-4 at 11.

### EXCLUSION-DESIGNATED PROFESSIONAL SERVICES

Description of Professional Services:

1) Motivational Speaker

> With respect to any professional services shown in this Schedule, this insurance does not apply to "bodily injury" . . . due to the rendering of or failure to render any professional service.

Dkt. No. 38-4 at 28.

### DISCUSSION

**I.     Participant Exclusion**

The parties agree that there is no case law interpreting the Participant Exclusion. The court, therefore, turns to basic principles of contract interpretation. *See Fritz-Pontiac-Cadillac-Buick v. Goforth*, 440 S.E.2d 367, 369 (S.C. 1994) ("Insurance policies are subject to general rules of contract construction"). As noted in *Goforth,* the court must "give policy language its plain, ordinary, and popular meaning" and "not torture the meaning of policy language to extend or defeat coverage that was never intended by the parties." *Id.  See also  C.A.N. Enters., Inc. v. S. C. Health*

3

*and Human Servs. Fin. Comm'n*, 373 S.E.2d 584 (S.C. 1988) ("When a contract is unambiguous, clear and explicit, it must be construed according to the terms the parties have used, to be taken and understood in their plain, ordinary and popular sense." ).

The participant exclusion precludes payment for injuries received by "'*any person*' while practicing for or *participating in* any circus, concert, *demonstration, event*, exhibition, race, rodeo, show, contest *or any activity of an athletic or sports nature for the events shown in this Schedule*."

Dkt. No. 38-4 at 11. "Any Person" is defined as follows:

> *shall include but is not limited to* animal handlers, announcers, attendants, clowns, contestants, entertainers, mechanics, musicians, officials, *participants*, singers, speakers, stage crews, stock contractors, vendors or their employees, any person employed by or doing volunteer work for you or on your behalf, or any person involved in the promotion, sponsoring or production of the event designated in the Schedule."

Dkt. No. 38-4 at 11 (emphasis added).

Both the "Participant Exclusion" and the related "Any Person" definition are broadly worded. Many of the categories of excluded activities and categories of person covered by the "Any Person" definition are, therefore, inapplicable. For example, Reese clearly was not an animal handler or entertainer involved in circus or rodeo. This does not, however, change Reese's status as a "participant" in the motivational seminar applying the usual meaning to the word participant. Thus, she falls within the definition of "Any Person" whose injuries might be excluded under the Participant Exclusion depending on the cause of the injury. The exclusion itself applies because, at the time of her injury, Reese was "participating in [a] . . . demonstration, . . . or any activity of an athletic or sports nature for the events shown in this Schedule.[3]  That is, the activity of breaking

---

[3] The policy is specific in describing Biro's business as that of "Motivational Speaker." Dkt. No. 38-4 at 7. The only other "schedule" is found in the professional services exclusion

boards with one's hands, for purposes of a team-building exercise, is either a demonstration or an activity of an athletic nature or both.

The same would be true if Reese was injured while engaged in a team-building three-legged race, baseball game, or ropes course. By contrast, her injuries would not be excluded if she was injured as a result of sitting in a broken chair or tripping over a microphone wire. The critical distinction between what is covered and what is not is the nature of the specific activity leading to the injury. Injuries are not excluded merely because a person is a participant in a covered "event." They are excluded if that participant was injured as a result of their participation in a demonstration, athletic activity, or other activity included in the list of excluded activities.

## II. Professional Services Exclusion

The policy excludes coverage for injury due to the rendering of or failure to render the professional service of a motivational speaker. *See* Dkt. No. 38-4 at 28 (excluding coverage of "'bodily injury' . . . due to the rendering of or failure to render any professional service" and listing the "Professional Services" as "Motivational Speaker"). The South Carolina Supreme Court has defined a professional act or service as "one arising out of a vocation, calling, occupation, or employment involving specialized knowledge, labor, or skill, and the labor or skill involved is predominantly mental or intellectual, rather than physical or manual. . . . In determining whether a particular act is of a professional nature or a 'professional service' [the courts] look not to the title or character of the party performing the act, but to the act itself." *S. C. Med. Malpractice Liab. Ins.*

---

which, likewise, refers specifically and exclusively to Biro's work as a "Motivational Speaker." Dkt. No. 38-4 at 28. The court, therefore, assumes that any reference in these exclusions to schedules refers to the listed business of motivational speaker. No party has suggested any other meaning.

*Joint Underwriting Ass'n v. Ferry*, 354 S.E.2d 378, 380 (S.C. 1987). *See also Isle of Palms Pest Control Co. v. Monticello Ins. Co.*, 459 S.E.2d 318, 321 (S.C. App.1994) (quoting and applying rule to actions by exterminating company).

The underlying state court complaint alleges that Biro was hired to provide education and training to SCE&G employees in the form of a motivational speaking seminar. Biro was leading a team building exercise *as part of that seminar* when he encouraged Reese to try to break a board with her hands. Biro's actions relating to use of that specific team-building technique allegedly led to Reese's injuries. Thus, while board-breaking may be an unconventional team-building technique, it was clearly part of the professional services Biro provided as a motivational speaker. Biro's actions relating to this activity are, therefore, excluded as professional services by the plain language of the policy.

Assuming without deciding that this exclusion is limited as suggested by South Carolina case law, the court would still conclude that the exclusion applies.[4] While the board-breaking activity engaged in by seminar participants may be "predominantly physical or manual," *Biro's decision* to use the board-breaking exercise would require application of his "specialized knowledge" and involve "predominantly mental or intellectual" activity. Likewise, *any guidance Biro provided* would be primarily a mental, rather than a physical activity. Thus, the actions for which Biro may be held accountable in the state court proceeding are professional in nature and may be excluded as professional acts or services under the South Carolina decisions cited above.

## CONCLUSION

---

[4] The policy was apparently issued and delivered in North Carolina, which is Biro's state of residence. *See* Dkt. No. 38-4 at 1.

6

For the reasons set forth above, the court concludes that Reese's injuries are excluded from coverage under both the professional services and participant exclusions. Accordingly, Plaintiff Barbara Reese's motion for summary judgment is **denied** and Defendant Alea London Limited's motion for summary judgment is **granted**.

**IT IS SO ORDERED.**

S/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
April 11, 2008